# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| C&J SPEC RENT SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00079-JRG-RSP |
| | § | LEAD CASE |
| | § | |
| LEAM DRILLING SYSTEMS, LLC ET AL, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Transfer Venue. (Dkt. No. 29.)[1] Within the Motion to Transfer, Defendants assert that the Southern District of Texas ("S.D. Tex.") would be clearly more convenient than proceeding in the Marshall Division of the Eastern District of Texas ("E.D. Tex.").[2] Defendants also assert that parallel proceedings are pending that originated in S.D. Tex. and that the first-to-file rule makes transfer appropriate to S.D. Tex. (*Id.* at 1.)

Also before the Court is Defendants' Opposed Motion for Leave to Submit Supplemental Evidence (Dkt. No. 63), which seeks to file five additional exhibits for the Court. Defendants also filed an Opposed Motion for Leave to File a Sur-Sur-Reply in Support of its Motion to Transfer Venue. (Dkt. No. 78.)

---

[1] This Motion was originally filed in 2:19-cv-00014-JRG-RSP, so all citations to documents in ECF refer to documents in that case unless otherwise stated.
[2] The Houston Division within S.D. Tex. appears to be the specific division that Defendants propose.

In Defendants' Opposed Motion for Leave to Submit Supplemental Evidence (Dkt. No. 63), Defendants seek leave to file Exhibits 13 through 17. In its response, Plaintiff withdrew its objections with respect to Exhibits 13 through 16. (Dkt. No. 72 at 2.) However, Plaintiff continued to oppose the Motion to Leave with respect to Exhibit 17. (*Id.*) The Court **GRANTS** Defendants' Opposed Motion for Leave (Dkt. No. 63) with respect to all exhibits, including Exhibit 17. The Court concludes that Exhibit 17 is being submitted to rebut evidence presented by Plaintiff in its Response and that Defendants have shown good cause for this filing.

Defendants also filed an Opposed Motion for Leave to File a Sur-Sur-Reply. (Dkt. No. 78.) After consideration, the Court **GRANTS** this Motion as Defendants have shown good cause for this filing.

## I.  FIRST-TO-FILE RULE

Defendants argue that they filed an earlier (by a single day) declaratory judgment action in S.D. Tex. and that the first-to-file rule mandates that this case should proceed in S.D. Tex. (Dkt. No. 29 at 4 (citing *Serv. Corp. Int'l v. Loewen Grp. Inc.*, No. CIV. A. H-96-3269, 1996 WL 756808, at *2 (S.D. Tex. Nov. 29, 1996) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971); *California Security Co-op, Inc. v. Multimedia Cablevision, Inc.*, 897 F.Supp. 316, 317 (E.D. Tex.1995))).)

The first-to-file rule is inapplicable to this case. The Southern District has already decided that the first-filed case should yield to this action. As Judge Miller ruled: "The fact that CLR filed its declaratory judgment request here one day earlier than C&J filed its claim in the Eastern District does not give CLR first-filed priority because CLR is, in essence, merely seeking a declaration that it is not at fault; the affirmative claims belong to C&J. Equity requires that the court dismiss CLR's claim and transfer the counterclaims to the Eastern District of Texas." *LEAM Drilling Systems, LLC, et al. v. C&J Spec Rent Services, Inc.* No. H-19-00411 (S.D. Tex. Mar. 7, 2019) (Dkt. No. 23 at 6).

It bears noting that Defendant's motion seeks *first* "that the Court allow the Southern District of Texas to rule on C&J's Motion to Transfer Venue to this Court. Alternatively, Defendants … request that the Court grant Defendants' Motion to Transfer Venue to the Southern District of Texas." (Dkt. No. 29 at 10). Defendants obtained their primary relief, the Southern District ruled on their motion. However, unsatisfied with that ruling, they ask this Court to reverse it.

Given that the Southern District declaratory judgment action was transferred here, considerations of judicial and litigant economy as well as the just and effective disposition of disputes suggest that the first-to-file rule should not apply. *See Mobility Elecs., Inc. v. Am. Power Conversion Corp.*, No. 5:07-cv-00083, 2007 WL 9724768 at *3 (E.D. Tex. Oct. 10, 2007) (Craven, J.) (explaining that a party may avoid "application of the first-to-file rule" by "show[ing] the existence of compelling circumstances," such as "considerations of judicial and litigant economy, and the just and effective disposition of disputes"). Defendants' request to transfer the case back to the Southern District pursuant to the first-

to-file rule is therefore **DENIED**. *See Apicore US LLC v. Beloteca, Inc.*, No. 2:19-CV-00077-JRG, 2019 WL 1746079, at *6 (E.D. Tex. Apr. 18, 2019).

## II. APPLICATION OF THE INTEREST FACTORS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine whether venue transfer is appropriate under § 1404(a), the Fifth Circuit has identified several private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The private interest factors include (1) the availability of compulsory process to secure the attendance of witnesses; (2) the cost of attendance for willing witnesses; (3) the relative ease of access to sources of proof; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id*.

A plaintiff's choice of venue is not an express factor in the analysis. *Seven Networks, LLC v. Google LLC*, 2:17-CV-00442-JRG, 2018 U.S. Dist. LEXIS 146375, at *8 (citing *Volkswagen II*, 545 F.3d at 315). However, a moving defendant must demonstrate that the proposed venue is clearly more convenient that the current venue. *Id*. (citing *Volkswagen*

*II*, 545 F.3d at 315). By applying this heightened standard, the plaintiff's choice of forum is given the appropriate deference. *Id*. (citing *Volkswagen II*, 545 F.3d at 315).

Here, Plaintiff does not dispute that S.D. Tex. is an appropriate venue and instead argues that S.D. Tex. is not clearly more convenient. (*See generally* Dkt. No. 29.) Accordingly, the Court will focus its analysis on the public and private interest factors. Both parties agree that the following factors are neutral: (1) the familiarity of the forum with the law that will govern the case; and (2) the avoidance of unnecessary problems of conflict of laws. (*Id*. at 10; Dkt. No. 56 at 14.) The Court therefore finds these factors to be neutral. The Court will address each of the remaining public and private interest factors below.

### a. The availability of compulsory process to secure the attendance of witnesses

Distances are to be measured "as the crow flies" under this factor. *Sprow v. Hartford Ins. Co*., 594 F.2d 412, 417 (5th Cir. 1979).[3] This factor is directed towards unwilling third-party witnesses. *Seven Networks,* 2018 WL 4026760, at *7 (citing *Volkswagen II*, 545 F.3d at 316).

Defendants argue that most of the witnesses for both C&J and Conroe Machine from the previous state court litigation live or work in Conroe or Houston and would be outside this Court's absolute subpoena power. (Dkt. No. 29 at 7.) Defendants argue that the factual and legal issues in the state court litigation are the same as the factual and legal issues in

---

[3] All distances were calculated using Google Maps.

this action, making it likely that the sixteen witnesses will be the same ones that will have relevant knowledge in this action as well. (*Id*. at 9.)

Of the fourteen witnesses referenced in Defendants Exhibit (Dkt. No. 32-1), five witnesses (Faraz Shaukat Ali, Kolt Browder, Jose Gamez, Jehon Leonce, and Stuart Schaaf) appear to be former employees or third-parties. (Dkt. No. 32-1 at 2–4 (Ali), 10–11 (Browder), 19–20 (Gamez), 23–24 (Leonce), 31–32 (Schaaf) (using page numbers provided by ECF).) Schaaf is a willing witness, making compulsory process unnecessary for him, and he states that trial in Marshall would not cause him any substantial expense or create any meaningful burden to him. (Dkt. No. 73-3 at ¶¶ 3–4.) Accordingly, the Court concludes that Schaff does not weigh in favor of transfer.

Defendant does not provide specific information to show that the other four witnesses (Ali, Browder, Gamez, and Leonce) have relevant testimony. Their relevance cannot simply be assumed based on their depositions and/or their inclusion on the trial witness list in the previous state court action, since that action involved several issues that are not presented in this case. However, these four witnesses appear to live or work near the Houston area. (Dkt. No. 32-1 at 2–4 (Ali), 10–11 (Browder), 19–20 (Gamez), 23–24 (Leonce) (using page numbers provided by ECF).) Each of them would be subject to subpoena power under Fed. R. Civ. P. 45(c)(1)(A) in S.D. Tex. but would also be subject to subpoena power under Rule 45(c)(1)(B) in this Court absent a showing of substantial expense. These witnesses reside 60 to 70 miles from the Houston courthouse and somewhat over 100 miles from the Marshall courthouse. While the Southern District is

more convenient for them, attendance at trial in either district would involve similar expense.

At least six of the fourteen listed witnesses (Pat Bixenman, Matthew Colerick, Ken Havlinek, Robin Murray, David Simon, and Murray Touchette) appear to be subject to compulsory process under Rule 45(c)(1)(B)(i) in either district and would be more appropriately considered under the next factor. (Dkt. No. 32-1 at 8–9 (Bixenman), 12–13 (Colerick), 21–22 (Havlinek), 28–30 (Murray), 33–35 (Simon), 36–37 (Touchette) (using page numbers provided by ECF).) Similarly, Dan Ang, Cole Curry, and Lawrence Medrano also work for Plaintiff. (Dkt. No. 32-1 at 5–7 (Ang), 14–18 (Curry), 25–27 (Medrano) (using page numbers provided by ECF).) Defendants have not shown that compulsory process is necessary for Ang, Curry, or Medrano or that these individuals are unwilling witnesses. Accordingly, the Court will treat these individuals as willing witnesses that are employed by a party. Thus, they would be more appropriately considered under the factor for cost of attendance of willing witnesses.

Plaintiff asserts that Mr. Craig Kuiper, Ms. Beth Truelove, Mr. Will Wilkirson and Mr. Mike Chambers each have knowledge of their employer's drilling operations and that they are each subject to compulsory process in the Marshall Division. The parties stipulated that Pioneer Natural Resources, Vine Oil and Gas, Exco Resources (the companies that Kuiper, Truelove, Wilkirson, and Chambers work for) and other customer companies all employ "at least one drilling engineer who has knowledge of motor selection, motor performance, and the quotation/bidding process with respect to a drilling project that used the Hyperdrive technology at issue." (Dkt. No. 51 at 2.) The Court acknowledges this

stipulation and concludes that at least one individual at those companies likely has relevant testimony to the subject identified in the stipulation for the purposes of resolving this Motion to Transfer.

Because the companies identified in the Stipulation are closer to Marshall than to Houston, the Court concludes that trial would be more convenient in this Court for the drilling engineers with relevant knowledge at those companies, although compulsory process would likely be available in either district for these witnesses.[4]

Considering the witnesses listed above, the Court concludes that this factor is neutral.

### b. The cost of attendance for willing witnesses

When considering this factor, the Court should consider all potential material and relevant witnesses. *Seven Networks*, 2018 WL 4026760, at *9. However, "[t]his factor primarily concerns the convenience of nonparty witnesses," and "the convenience of party witnesses is given little weight." *Id.* (quoting *USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc.*, No. 3:10-CV-2466-D, 2011 WL 1103372, at *4 (N.D. Tex. Mar. 25, 2011)). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses

---

[4] Pioneer Natural Resources, Vine Oil and Gas, Exco Resources, and other customer companies have offices in the Dallas area. Each of those locations are around 150 miles away from Marshall as the crow flies, so the drilling engineer with relevant knowledge at each of these companies may be subject to compulsory process in E.D. Tex. under Rule 45(c)(1)(B)(ii). However, each of these companies would be around 230 to 250 miles away from the Houston Courthouse, making it much less likely that the drilling engineer for each company would be subject to compulsory process in S.D. Tex.

increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004).

Defendants state that fourteen of the sixteen witnesses from the previous state court litigation live or work in Conroe or Houston. (Dkt. No. 29 at 7–9.) Defendants assert that the other two live in Lafayette, Louisiana, which is roughly the same distance from both courthouses. Of the fourteen witnesses from the previous state court action, the Court already considered the non-party witnesses and former employees under the factor for availability of compulsory process. However, nine witnesses (Ang, Bixenman, Colerick, Curry, Havlinek, Medrano, Murray, Simon, and Touchette) were not considered under that factor. Most of these witnesses reside and work in the Houston area, suggesting that trial would be more convenient in Houston than Marshall for these witnesses. However, the nine witnesses are each party witnesses and are therefore entitled to lesser weight. *Seven Networks*, 2018 WL 4026760, at *9 (citing *USPG Portfolio Two*, 2011 WL 1103372, at *4).

Plaintiff states that third party witnesses are located in Oklahoma City, Tulsa, Dallas and E.D. Tex. (Dkt. No. 56 at 11–12.) Plaintiff has not indicated if any third-party witnesses would be willing witnesses.

After considering the facts and the arguments presented by the Parties, the Court concludes that this factor weighs somewhat in favor of transfer.

### c. The relative ease of access to sources of proof

Technology has lessened the inconvenience of gaining access to some sources of proof. *Volkswagen II*, 545 F.3d at 316. However, that fact "does not render this factor superfluous." *Id*. While the Fifth Circuit has provided authority on the factors that should be considered, "that authority does not preclude this Court from diminishing the importance of this factor in the overall transfer analysis, especially where, as is the case here, the movant has identified no sources of proof that cannot be transferred electronically." *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-CV-964-JRG-RSP, 2017 WL 1022741, at *3 (E.D. Tex. Mar. 16, 2017).

The entirety of Defendants' argument on this factor within their Motion is that "[t]he majority of the 'documents and physical evidence' produced in the Montgomery County litigation came from individual custodians located in Conroe, Texas and Houston, Texas, and there are no pertinent documents or evidence located in the Eastern District." (Dkt. No. 29 at 6.) This argument is entitled to lesser weight because Defendants do not specifically identify any documents or physical evidence and instead provide largely conclusory statements. Further, by not identifying any documents or physical evidence, Defendants have not identified any such evidence that could not be sent electronically or evidence that would be difficult to transport.

On the other hand, Plaintiff has specifically identified some evidence that would be more conveniently transported to Marshall (Dkt. No. 56 at 3–9 ("Pioneer Natural Resources has documents and communications relating to LEAM's older failing designs and Pioneer's evaluation of and need for the newer Hyperdrive technology.").)

After considering the facts and the arguments presented by the Parties, the Court concludes that this factor is neutral.

### d. All other practical problems that make trial of a case easy, expeditious, and inexpensive

Defendants contend that this factor is neutral, but Plaintiff contends that this factor weighs against transfer. Defendants in this action previously brought a declaratory judgment action in the Southern District, but that court dismissed the declaratory judgment claims and transferred the remaining counterclaims to this Court. Those remaining counterclaims were recently consolidated. Plaintiffs contend that transferring the two cases back to Houston, would be an inefficient result as Defendants already briefed and raised the private and public interest factors in detail in the Southern District before transfer. (Dkt. No. 56 at 13.)

Once the Southern District, with all factors argued before it, dismissed the declaratory judgment action and transferred the counterclaims to this Court, it would be inconceivably inefficient for this Court to transfer both actions back to Houston. *LEAM Drilling Sys., LLC v. C&J Spec Rent Services, Inc.*, Case No. 4:19-cv-411, 2019 WL 1084039 (S.D. Tex. Mar. 7, 2019). Because of this, the Court concludes that this factor weighs heavily against transfer.

### e. The administrative difficulties flowing from court congestion

Defendants contend that this factor is relatively neutral because the 2018 statistics for civil cases reveal that the median time between filing and trial of a civil case is 18.9 months in S.D. Tex. and 19.1 in E.D. Tex. (Dkt. No. 29 at 9–10.) Plaintiffs contend that

this factor weighs against transfer. (Dkt. No. 56 at 13.) Plaintiffs reason that court data for the last three years shows that E.D. Tex. has a median time-to-trial of 617 days while the same statistic for S.D. Tex. is 696 days. (*Id.*) Plaintiffs also argue that E.D. Tex. has a larger number of patent cases that tend to skew that number upwards and that this further suggests that the time-to-trial would be even shorter for this non-patent case if it were to proceed in E.D. Tex. (*Id.*). The Court concludes that this factor weighs slightly against transfer.

### f. The local interest in having localized interests decided at home

"The Court must also consider local interest in the litigation because 'jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-CV-376-JRG, 2014 WL 1652603, at *4 (E.D. Tex. Apr. 24, 2014) (quoting *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("*Volkswagen I*")). This Court has found the localized interest factor to be neutral in past cases where this venue and the proposed venue both possessed a localized interest in the case. *Seven Networks*, 2018 WL 4026760, at *14 (Aug. 15, 2018); *Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*, 2018 WL 4444097, *8 (E.D. Tex. 2018); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-00621-JRG-RSP, 2016 WL 4196663, at *6 (E.D. Tex. Aug. 9, 2016); *Mears*, 2014 WL 1652603, at *4 (Apr. 24, 2014).

Defendants argue that this factor favors transfer because "none of the alleged conduct underlying C&J's trade secret misappropriation or copyright infringement claims occurred in [E.D. Tex.]." (Dkt. No. 29 at 9.) Plaintiff argues that this factor is neutral. (Dkt.

No. 56 at 13–14.) Plaintiff asserts that Defendants provided the accused product to customers operating in E.D. Tex. and in Harrison County specifically and that this Court therefore has a localized interest in this case. (*Id.* at 6–7, 14 (citing Dkt. No. 56-14).)

The Court concludes that this factor is neutral as both districts have a local interest in this case. Defendants provided their product to customers in this district. (Dkt. No. 65.) Thus, the allegations of trade secret misappropriation "calls into question the work and reputation of several individuals residing in or near [this division] and who presumably conduct business in [this] community." *Roberts v. Paris Reg'l Med. Ctr.*, No. 2:18-CV-00191-JRG-RSP, 2018 WL 4221861, at *7 (E.D. Tex. Sept. 5, 2018) (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (applying Fifth Circuit law)).

### III. CONCLUSION

None of the factors in this analysis weigh heavily in favor of transfer and movant has failed to show that the Southern District would be a clearly more convenient venue. The fact that, after this motion was filed the Southern District transferred the rest of this dispute to this Court, shows that it would be extremely inefficient for this Court to transfer the combined case back. Accordingly, the Motion to Transfer is **DENIED**.

**SIGNED this 10th day of July, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE